Nazo Koulloukian, SBN 263809
nazo@koullaw.com
Hilary Silvia, Of-Counsel, SBN 237993
hilary@koullaw.com
**KOUL LAW FIRM, APC**
3435 Wilshire Blvd., Suite 1710
Los Angeles, CA 90010
Telephone: (213) 761-5484
Facsimile: (818) 561-3938

Attorneys for Plaintiff,
JUAN RODRIGO CABALLERO,
and all putative class members

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN RODRIGO CABALLERO, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

WALGREEN, CO., an Illinois corporation, and DOES 1-50, inclusive,

Defendant.

Case No: 2:25-cv-03465-GW (DFMx)

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. **Failure to Permit Compliant Meal Periods**
2. **Failure to Pay Wages Due Upon Termination**
3. **Failure to Reimburse for Required Business Expenses**
4. **Failure to Provide Accurate Itemized Wage Statements**
5. **Unlawful Business Practices Bus & Prof. Code §17200**

Plaintiff JUAN RODRIGO CABALLERO, individually, and on behalf of all others similarly situated (collectively "Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

1. This is an employment class action on behalf of over 100 hourly, non-exempt employees against their employer for violations of numerous wage and hour laws. Plaintiff brings this first amended class action complaint on behalf of himself, and all others similarly situated against WALGREEN, CO., and DOES 1-50, inclusive, (hereafter collectively "Defendant" or "Defendants").

2. Defendant WALGREEN, CO. "is a retail pharmacy and healthcare company which sells medicine, health and beauty products, offers pharmacy services, and digital services" in California. Plaintiff JUAN CABALLERO worked as an employee for Defendant, at its Walgreens facility in Los Angeles, CA, where he was employed as a "Customer Sales Associate" until March 2024, as an hourly, non-exempt employee. Plaintiff and the proposed class earn or earned at or near minimum wage.

3. As described further below, Defendant has violated the California Labor Code and California law by: (1) failing to provide compliant meal periods and pay meal premium payments at the regular rate of pay (Labor Code §226 (a), 226.7, 512, 558, 1198); (2) failing to wages due upon termination (Labor Code §201, 202, 203, and 227.3); (3) failing to reimburse for business expenses (Labor Code §2802); (4) failing to provide accurate itemized wage statements (§226, 1174); and (5) unlawful and unfair business practices (Bus. & Prof. Code §17200, et. seq.).

4. The class claims in this action are brought pursuant to Code of Civil Procedure ("CCP") §382, seeking recovery for unpaid meal premium wages, statutory and waiting time penalties, injunctive and other equitable relief, interest, and reasonable attorneys' fees and costs. Pursuant to the class action procedures provided for under California law, Plaintiff, on behalf of himself and proposed Class

Members (also referred to as "Class"), also seeks injunctive relief and restitution of all benefits Defendant has received from their unlawful actions as alleged herein.

5. The "Class Period" is designated as the four-year period prior to the filing of the initial Complaint in this action through the date of the final disposition of this action.

6. From the start of the Class Period through the present, Defendant has had a policy and/or practice of among other violations: missed, late and/or interrupted meal breaks, issuing inaccurate wage statements, and often ignoring and violating California wage and hour laws, in their business as more fully set forth below.

7. Defendant, by and through their actions, has engaged in unfair competition, requiring restitution to persons affected, an injunction to require compliance with wage and hour laws and laws governing the conditions of employment, and disgorgement of profits so obtained.

## THE PARTIES

8. Plaintiff JUAN RODRIGO CABALLERO is an individual who resides in California and worked for Defendant at its Walgreens facility in Los Angeles, CA, where he was employed as a "Customer Sales Associate" until March 2024.

9. Defendant WALGREEN, CO., is an Illinois corporation doing business in California with the capacity to sue and to be sued and doing business, in Los Angeles County, State of California. Defendant exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class throughout the liability period.

10. Defendant Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believe, and thereon alleges, that each of the fictitiously named Defendant is responsible in some manner for the

occurrences herein alleged, and that the damages sustained by Plaintiff and the Class Members herein alleged were proximately caused by such Doe Defendants.

11. Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants.

**JURISDICTION AND VENUE**

12. Venue is proper in this judicial district because Defendant conducts business in this County and Defendant has legal obligations to Plaintiff and many of the Class Members in this case that arose in this county.

13. The monetary damages, restitution, and statutory penalties sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Based on information, investigation, and analysis, Plaintiff alleges that the amount in controversy, including claims for monetary damages, penalties, and attorney's fees, is more than thirty-five thousand dollars ($35,000) and less than five million dollars ($5,000,000).

14. Plaintiff contends that the California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California and Defendant is incorporated in and/or qualified to do business in California and regularly conduct business in California. Further, there is no federal question at issue as the claims herein are based solely on California law.

## GENERAL ALLEGATIONS

15. During the Class Period, Defendant committed various violations of the California Labor Code, the UCL and the applicable IWC Wage Order, as alleged below in more detail. Defendant enforces multiple policies that violate state law which are intended to increase its own profits, and decrease its own expenses, to the detriment of its employees.

16. Defendant failed to consistently maintain a policy and practice that provides its employees with uninterrupted meal breaks as required by California law.

17. Defendant failed to consistently pay wages due upon termination, including meal premium pay.

18. Defendant failed to consistently reimburse for required business expenses, including the frequent use of employee mobile phones and cellular service plans.

19. Defendant further failed to consistently provide timely, accurate, itemized wage statements to employees, as well as maintain accurate records, in accordance with Labor Code §§ 226 and 1174.

20. Based upon the above allegations, Defendant engaged in unfair competition.

## CALIFORNIA CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on behalf of himself, and all other persons similarly situated, to recover from Defendant for failure to comply with California wage and hour laws, and for claims under Business and Professions Code § 17200.

22. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure § 382 because the proposed class is ascertainable and there is a well-defined community of interest. Plaintiff is among in excess of 100 employees who have been similarly injured by Defendant's unlawful employment policies and practices.

23. The "Relevant Time Period" or proposed "Class Period" as defined herein commences four years prior to the date of filing this Complaint.

24. Plaintiff brings this action on their behalf and as a class action under Cal. Code of Civil Procedure §382 on behalf of the following defined groups:

25. Proposed Class: "All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers in Defendant's retail locations during the period of the relevant statute of limitations."

26. Proposed Sub-classes:

A. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shift in excess of five (5) hours.

B. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of six (6) hours.

C. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of eight (8) hours.

D. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

E. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of ten (10) hours, but less than or equal to twelve (12) hours.

F. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who worked one or more shifts in excess of twelve (12) hours.

G. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who separated their employment from Defendant.

H. All persons who are employed or have been employed by Defendant in the State of California as hourly, non-exempt workers during the period of the relevant statute of limitations, who received pay for one or more pay periods.

27. This action is brought, and may properly be maintained, as a class action under CCP §382 because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses (collectively "Class") are easily ascertainable.

28. Numerosity: The Proposed Class is so numerous that joinder of all members is impractical. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed over 100 putative Class Members who are geographically dispersed and who satisfy the definition of the proposed Class. As such, a class action is the only available method for the fair and efficient adjudication of this controversy. Membership in the Proposed Class can be easily ascertained by an examination and analysis of employee and payroll records, among other records within Defendant's possession and control.

29. Typicality: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff, like others similarly situated, was subjected to Defendant's common, unlawful policies, practices, and procedures described above. The Plaintiff's positions at the company was typical of those of other Class Members.

Plaintiff's claims are typical of the claims of each Class Member because each have sustained damages arising out of and caused by Defendant's common course of conduct, as alleged herein. As such, Plaintiff has the same interests in this matter as all members of the Class.

30. Adequacy: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and California labor and employment litigation.

31. Commonality: Common questions of law and fact exist, including but not limited to the following:

i. Whether Defendant violated wage and hour laws by failing to provide uninterrupted meal breaks.

ii. Whether Defendant's policy and practice concerning meal breaks was unlawful;

iii. Whether Defendant violated wage and hour laws by failing to reimburse for required business expenses;

iv. Whether Defendant violated wage and hour laws by failing to provide suitable seating;

v. Whether Defendant unlawfully failed to keep and furnish Class Members with accurate, itemized records of wages, including meal premium wages, in violation of Labor Code §§ 226 and 1174;

vi. The proper measure of damages sustained and the proper measure of restitution recoverable by Plaintiff, the Class Members, and Subclass Members;

vii. Whether the Class Members are entitled to injunctive relief to enjoin any further violations of wage and labor laws;

viii. Whether Defendant, and each of them, are/were participants in the alleged unlawful and/or tortious conduct;

ix. Whether Defendant's conduct was willful and reckless;

x. The effect upon and the extent of injuries suffered by Plaintiff and the Plaintiff Class and the appropriate amount of reimbursement, restitution, damages, or other compensation; and

xi. What is the extent of liability of each Defendant, including DOE defendants, to each Class and Subclass member?

32. Superiority: A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where the damage suffered by individual plaintiffs, while not inconsequential, makes individual actions impracticable given the expenses and burdens associated with seeking individual relief. Prosecuting over 100 identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results. Moreover, the Class is a group of hourly, low-wage earning employees who rely on their wages and requiring that each individual take time away from work to prosecute individual actions would be inequitable and result in undue hardship for the individual Class members and their families. Public policy favors efficient resolution of their claims and uniform enforcement of California Labor laws against entities skirting their legal obligations at the expense of a vulnerable working population.

33. Manageability: Plaintiff is informed and believes that all allegations in this Complaint are capable of being determined on the same evidence and based primarily on review of corporate records and key testimony of Defendant's corporate representatives. To the extent statistical analysis and representative evidence is necessary, Plaintiff and proposed class counsel will employ competent experts and consultants in the field to determine and review evidence for both issues of liability and damages in a scientifically reliable manner.

34. Plaintiff requests, pursuant to Rule 1857(a)(l) and Rule 3.766 of the California Rules of Court, that the absent Class and Subclass Members be notified by the best notice practicable under the circumstances, including individual notice

to all members who can be identified through reasonable effort. The names and address of the Class and Subclass Members are available from Defendant.

**FIRST CAUSE OF ACTION**

**FAILURE TO PERMIT COMPLIANT MEAL PERIODS AND PAY MEAL PREMIUM WAGES**

Cal. Labor Code §§226 (a), 226.7, 512, 558, 1198

(Plaintiff Against All Defendants)

35. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

36. Defendant's conduct described in this complaint violates the provisions of Labor Code §§ 226 (a), 226.7, 512, 558, and 1198.

37. Labor Code §512 provides, "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes…" Labor Code §226.7(a) provides, "[n]o employer shall require an employee to work during any meal… period mandated by an applicable order of the Industrial Welfare Commission." Paragraph 11 of the Wage Order provides, in pertinent part, "[u]nless an employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

38. Plaintiff and Class Members often took late and noncompliant meal periods. Defendant failed to permit Plaintiff and Class Members to take timely, off-duty, meal breaks of "not less than 30 minutes" for each five consecutive hours of work in violation of Labor Code §§226.7 and 512. When meal periods were noncompliant, Defendant failed to pay all premium pay to Plaintiff and Class Members at their regular rates of pay. As a derivative claim, Plaintiff alleges that pay statements were inaccurate, failing to include required meal period penalties, thus failing the requirements of Labor Code §226(a).

39. Defendant prevented Plaintiff and Class Members from taking timely meal breaks by failing to relieve employees of their duties. For example, Plaintiff often received his meal period after the fifth hour of work because he was required to be relieved, and Defendant failed to consistently arrange for coverage. On many occasions, when Plaintiff's workplace was short-staffed or busy, Plaintiff was unable to take his full meal break uninterrupted due to the press of work and demands of customers. This experience was not unique to Plaintiff and was also experienced by other Class Members.

40. Plaintiff and Class Members were not paid a premium payment, paid as an hour's wage when meal periods were not given to them in compliance with California law.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES DUE UPON TERMINATION

Cal. Lab. Code §§201, 202, 203, 227.3

(Plaintiff Against All Defendants)

41. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

42. Defendant's conduct described in this complaint violates the provisions of Labor Code §§ 201, 202, 203, and 227.3.

43. An employee who is discharged must be paid all of his or her wages, including accrued vacation, immediately at the time of termination. (Labor Code Sections 201 and 227.3.) As set forth above, Defendant knowingly and willfully failed to pay all compensation due and owing to Plaintiff and Class Members at the time employment terminated, including meal and rest period penalties at the regular rate of pay.

44. Defendant willfully failed to pay employees who are no longer employed by it all compensation due upon termination of employment as required by Cal. Lab.

Code §§201 and 202. Plaintiff and Class Members are now entitled to recover up to thirty (30) days pay as waiting time under the terms of §203.

## THIRD CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR REQUIRED BUSINESS EXPENSES

Cal. Labor Code §§ 1198, 2802

(Plaintiff Against All Defendants)

45. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

46. Defendant's conduct described in this complaint violates the provisions of Labor Code §§ 1198, 2802.

47. Labor Code §2802 requires employers to indemnify employees for necessary expenditures or losses incurred by employees in direct consequence of discharge of duties.

48. Plaintiff and Class Members were required to use their personal cell phones and cell service on and off the clock for work purposes. For example, Defendant organized Plaintiff and all of his coworkers onto one large group chat to communicate broadly with store employees. Further, the phones provided to employees in the store were not able to call outside the store or receive text messages. Therefore, when an employee needed to make a phone call for work purposes to a number outside the store, they had to use their personal phones. For example, Plaintiff used his personal phone to call the police on numerous occasions. Plaintiff and Class Members also used their personal devices to communicate with Defendant via text. Although Plaintiff and Class Members were advised to use their cell phones for this work-related purpose, they were not consistently reimbursed for this expense.

**<u>FOURTH CAUSE OF ACTION</u>**

**FALURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

Cal. Labor Code §§ 226, 1174

(<u>Plaintiff Against All Defendants</u>)

49. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

50. Defendant's conduct described in this complaint violates the provisions of Labor Code §§ 226, and 1174.

51. Defendant knowingly and intentionally failed to always provide timely, accurate, itemized wage statements to Plaintiff and the Class Members in accordance with Labor Code §§ 226 and keep accurate records as required by §1174(d). The statements provided to Plaintiff and Class Members, and the records maintained by Defendant, have not consistently accurately reflected actual hours worked, gross wages earned, including pay for all hours worked, and overtime pay, and pay for meal and rest period penalty wages.

52. §226 (a) requires:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social

> security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

53. Such failures caused injury to Plaintiff and others, by, among other things, impeding them from knowing the total hours worked and the amount of wages, including premium wages and overtime, to which they are and were entitled.

## <u>FIFTH CAUSE OF ACTION</u>

## UNFAIR BUSINESS PRACTICES

California Business and Professions Code section 17200, et seq.

(<u>Plaintiff Against All Defendants</u>)

54. Plaintiff incorporates by reference in this cause of action each allegation of the preceding paragraphs as though fully set forth herein.

55. Defendant knowingly committed, and upon information and belief continues to commit, ongoing unlawful business practices within the meaning of the UCL, including, but not limited to unlawful practices as described in the causes of action articulated above, and hereby incorporated herein.

56. In addition to the violations described herein, as an additional unlawful and unfair business practice, Defendant violated laws intended to protect employees by regulating conditions of employment by failing to provide suitable seating.

57. Labor Code section 1198 states, in pertinent part, "The employment of any employee… under conditions of labor prohibited by the [Wage Order] is unlawful." The Wage Orders provide that:

(A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

(B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

58. Plaintiff and Class Members were not provided with suitable seating when performing work that could be done while seated, including cashier work and other duties. Defendant also failed to provide suitable seating within a reasonable proximity from work areas. Employees were instead expected to stand all day, even when, for example, stools could easily be provided and placed behind registers and other areas employees worked stationary for long periods of time.

59. For example, Plaintiff worked without any seating for years. Eventually, after it took an unbearable toll on his body, he occasionally resorted to bringing a folding chair from the break room. However, it was not "provided" by the employer because he had to create a situation where the breakroom lacked seating, and it was not "suitable" because it was far too low to enable him to sit while working. It was not possible to effectively work the register while using the low folding chair, whereas alternative styles of suitable seating, like higher stools, are readily available on the market and could have been provided.

60. Plaintiff and Class Members lost money and property, and suffered in unlawful working conditions, as a result of Defendant's unlawful business practices described above.

61. Pursuant to the UCL, Plaintiff and all Class Members are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

62. Pursuant to the UCL, Plaintiff and Class Members are entitled to injunctive relief against Defendant's ongoing unlawful business practices. If an injunction does not issue enjoining Defendant from engaging in the unlawful business practices described above, Plaintiff and the general public will be irreparably injured because Defendant will be permitted to continue to mistreat its workforce.

63. Plaintiff has no plain, speedy, and adequate remedy at law. Defendant, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiff and Class Members and of the general public.

64. Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public. These practices are unlawful under California law and unfair because they offend established public policy and are immoral, unethical, oppressive, and substantially injurious to Plaintiff and Class Members.

65. Defendant's numerous violations of local and California law, as well as the other statutory and regulatory violations alleged herein, constitute unlawful business actions and practices in violation of Business and Professions Code § 17200, et seq.

66. Pursuant to Business and Professions Code § 17200, et seq., Plaintiff and the Class Members are entitled to restitution of unpaid wages and penalty pay, among other relief alleged herein, that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action. Plaintiff is further entitled to a permanent injunction requiring Defendant to comply with all provisions of California labor law, including properly paying the lawful rate of pay for all hours worked, providing rest periods to all workers as defined herein, timely paying due wages upon termination, maintaining accurate wages statements and

payroll records, in addition to an award of attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Proposed Class, requests judgment and the following specific relief against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action under Code of Civil Procedure § 382;
B. Provision of class notice to all members of the Class;
C. That Defendant is found to have violated the above-referenced provisions of the Labor Code, CCR and the IWC Wage Order as to Plaintiff, Class Members and relevant subclass Members;
D. For compensation for not being permitted compliant meal periods;
E. For compensation for not paid wages due upon termination;
F. For compensation for not being reimbursed for required business expenses;
G. For compensation for not being provided accurate itemized wage statements;
H. That Defendant's actions are found to be willful and/or in bad faith to the extent necessary under §§ 201, 202, 203, and 558 of the California Labor Code for a willful failure to pay all compensation owed at the time of separation to Plaintiff and Class Members no longer employed by Defendant;
I. That Plaintiff and Class Members receive penalties for Defendant's violation of §226 and 1174 of the California Labor Code for willful failure to provide and maintain the required accurate and itemized wage statements;
J. That Plaintiff and Class Members receive an award in the amount of unpaid wages owed, including interest thereon, and penalties as

provided in the Labor Code, CCR and Wage Order, including under Labor Code §§ 203, 510, and 558, subject to proof at trial;

K. That Plaintiff and Class Members receive damages pursuant to §§248.5 in addition to reasonable attorneys' fees, and costs of suit pursuant to Labor Code § 218.5 and CCP 1021.5;

L. That Defendant be ordered to pay restitution to Plaintiff and Class Members for amounts acquired through Defendant's unlawful activities pursuant to Business and Professions Code §§ 17200-05 and enjoined to cease and desist from unlawful and unfair activities in violation of California Business and Professions Code § 17200 et. seq.;

M. That Plaintiff and Class Members receive an award of reasonable attorneys' fees and costs pursuant to Code of Civil Procedure §1021.5, Labor Code §226, 218.5, and 1194 and/or applicable laws;

N. That the Court issue declaratory relief that Defendant's challenged policies are unlawful; and

O. That the Court order further relief, in law and equity, as it deems appropriate and just.

DATED: May 9, 2025

KOUL LAW FIRM, APC

______________________________

BY: Nazo Koulloukian, Esq.
Attorneys for Plaintiff JUAN RODRGIO CABALLERO and putative class members